UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

TERRY GIBSON,

      Plaintiff,

vs.

CARNIVAL CORPORATION, d/b/a
CARNIVAL CRUISE LINES, INC.,

      Defendant

_____/

## COMPLAINT

**COMES NOW**, the Plaintiff, TERRY GIBSON, by and through undersigned counsel, and

sues the Defendant, CARNIVAL CORPORATION, d/b/a CARNIVAL CRUISE LINES, INC.,

and further states as follows:

### GENERAL ALLEGATIONS

1.    This is a cause of action which is brought in the District Court for the Southern

District, Florida pursuant to 28 U.S.C. 1333 and the forum selection clause of

Plaintiff's passenger cruise ticket with Defendant, Section (19) (b).   The cause of

action is in excess of $75,000.00.   There is diversity of citizenship.   Plaintiff is a

resident and citizen of the state of Texas. This is a maritime cause of action.

2.    Plaintiff has complied with all conditions precedent or, in the alternative, such

conditions do not apply to this Plaintiff.

3.    Defendant is a Panamanian Corporation which is licensed to do business in Florida

as a cruise line.   Defendant's base of operations is in Miami, Dade County, Florida.

### COUNT ONE-NEGLIGENCE

4.    Plaintiff reavers and realleges paragraphs one through three.

5.      On or about May 7, 2012, Plaintiff, TERRY GIBSON was a fare-paying passenger on CARNIVAL TRIUMPH.   The vessel was in navigable waters. Defendant owned or operated CARNIVAL TRIUMPH at all times material.

6.      At all times material, Defendant owed Plaintiff a duty of reasonable care in the circumstances aboard its vessel.

7.      Notwithstanding Defendant's duty as aforesaid, Defendant breached its duty by unreasonably:

      a.      Failing to properly maintain a passenger cabin in a reasonably safe condition, and/or;

      b.      Failing to properly and safely warn Plaintiff of the existence of a threshold in his cabin, and/or;

      c.      Failing to have a threshold in a passenger cabin at a reasonably proper and safe height, and/or;

      d.      Maintaining a threshold in a passenger cabin which was in excess of the height needed to reasonably accomplish its intended purpose, and/or;

8.      As a result of the foregoing, the Plaintiff was injured when he tripped and fell on an unreasonably high threshold leading to the bathroom in his cabin.   Plaintiff was carrying a glass in his hand when he fell.   The glass shattered and severed arteries, nerves and tendons in his hand, causing severe injuries.

9.      At all times material, the Defendant had actual knowledge of the dangerous condition and/or constructive knowledge of the dangerous condition by the length of time the condition existed, and/or the nature of the dangerous condition and/or the fact that the dangerous condition was ongoing with some regularity.

10.     At all times material, Plaintiff acted with due care for his own safety.

11.     In the alternative, Defendant is not required to have notice of the condition because Defendant engaged in and was guilty of negligent maintenance and/or engaged in negligent methods of operation.

12.     As a result of the negligence of the Defendant as aforesaid, the Plaintiff was injured in and about his body and extremities and suffered pain, mental and emotional distress and anguish therefrom; incurred medical expense and physical handicap, scarring and disfigurement, and a loss of the ability to enjoy life; lost the enjoyment of her cruise, suffered a loss of earnings and/or loss of earning capacity, and an aggravation of known and/or unknown physical conditions.   Said personal injuries are permanent and/or continuing in nature and the Plaintiff shall continue to suffer such losses and impairments in the future.

WHEREFORE, Plaintiff demands judgment from Defendant for damages and costs and pre-judgment interest.   Jury trial is demanded.

Dated this 15th day of April, 2013.

> HOFFMAN LAW FIRM
> PAUL M. HOFFMAN, P.A.
> 2881 East Oakland Park Boulevard
> Fort Lauderdale, FL 33306
> Telephone: (954) 707-5040
> pmh@paulmhoffmanlaw.com
>
>
> By:   *//s// Paul M. Hoffman*
> PAUL M. HOFFMAN, ESQ.
> Florida Bar No: 0279897